IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1170-06






RHONDA RENEE JONES, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


WICHITA COUNTY





 Cochran, J., filed a concurring opinion.


O P I N I O N 



 Adhering, as I do, to the views expressed in my dissenting opinion in Seals v. State, (1)
that the term "adulterants and dilutants" refers to substances which increase the usable bulk or
quantity of a controlled substance or are part of the manufacturing process, (2) I cannot join the
majority opinion.

 However, the evidence in this case was sufficient to support a finding that the weight
of the "pure" liquid methamphetamine, before it was poured into the bottle of bleach, weighed
more than 400 grams. Specifically, appellant's co-defendant testified that the liquid
methamphetamine mixture almost filled a glass container that was approximately eight inches
tall and four or five inches in diameter. The co-defendant testified that he poured the 
methamphetamine from this container into the bottle of bleach in an unsuccessful attempt to
destroy the evidence as the police approached. The State's chemist testified that this glass
container would have held 1,234.86 grams of liquid methamphetamine. This amount is three
times the 400-gram minimum necessary to support a conviction under the State's indictment.

 Thus, for purposes of this case, it is legally irrelevant whether one includes or excludes
the weight of the corrosive bleach. Either way the evidence is sufficient to support appellant's
conviction of the aggravated offense of possession of 400 or more grams of methamphetamine
with intent to deliver. I therefore join in the judgment of the Court, but not its reasoning.

Filed: October 10, 2007

Publish
1. 187 S.W.3d 417, 423 (Tex. Crim. App. 2005) (Cochran, J., dissenting).
2. See Wright v. State, 201 S.W.3d 765, 770 (Tex. Crim. App. 2006).